# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAK VARDUMYAN,<br><br>                Petitioner,<br><br>   v.<br><br>KRISTI NOEM, et al.,<br><br>                Respondents. | Case No. 5:26-cv-00641-MRA-MAA<br><br>**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION** |

This habeas action was brought by Petitioner Sevak Vardumyan, a noncitizen who was released by Immigrations and Customs Enforcement ("ICE") on supervision in approximately 2017, then re-detained by ICE on December 9, 2025. On February 20, 2026, the Court granted Petitioner's Ex Parte Application for a Temporary Restraining Order ("TRO") and ordered his immediate release. ECF 10. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Application for a Temporary Restraining Order. ECF 10. The TRO required Respondents Kristi Noem, then Secretary of the United States Department of Homeland Security ("DHS"); Pamela Bondi, United States Attorney General; Todd Lyons, Acting Director of ICE; James Rios, Acting Director of the ICE Los Angeles Field Office; Fereti Semaia, Warden of the Adelanto ICE Processing Center; ICE; and DHS

(collectively, "Respondents" or the "government") to immediately release Petitioner pursuant to the terms of his preexisting OSUP and enjoined Respondents from re-detaining Petitioner unless and until he is provided proper due process necessary for the revocation of an OSUP. *Id.* at 14. The Court further ordered Respondents to show cause why a preliminary injunction should not issue. *Id.* Respondents filed their response on February 25, 2026, arguing that the preliminary injunction should be denied and the Petition should be dismissed as moot because Petitioner was released on February 20, 2026. ECF 12. Petitioner filed a reply on March 3, 2026, arguing that a preliminary injunction should issue to preserve Petitioner's right to be free from unlawful detention. ECF 13.

## II. DISCUSSION

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). For the reasons stated in the TRO, the Court finds that Petitioner satisfies the elements for the issuance of preliminary relief. ECF 10; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The government's response to the Order to Show Cause fails to address if Petitioner violated conditions of his release and whether there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future as required under 8 C.F.R. § 241.13(i). Nor does the government argue that it provided Petitioner with an adequate notice of revocation and necessary informal interview. Instead, the government contends that the Petition is moot because Petitioner has been released as ordered by the Court. ECF 12 at 4. The Court disagrees. A case becomes moot—and therefore no longer a "case" or "controversy" for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "The nature of a TRO is only, as referenced in the name, temporary. Petitioner can still be unlawfully re-detained when the TRO expires, and as such, the Court can still provide Petitioner relief should that occur." *Bui v. Noem*, No. 5:25-CV-03370-RGK-AJR, 2026 WL 353620, at *2

(C.D. Cal. Feb. 6, 2026); *see also M.V.F. v. Santacruz*, No. 2:25-CV-11700-MEMF-E, 2026 WL 127740, at *3–4 (C.D. Cal. Jan. 6, 2026); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *3 n.5 (C.D. Cal. Sept. 26, 2025); *Decyatnik v. Noem*, No. 2:25-CV-10027-AH-PD, 2026 WL 434933, at *2 (C.D. Cal. Feb. 12, 2026); *Sarkisyan v. Noem*, No. 2:26-CV-00504-SPG-ADS, 2026 WL 413638, at *3–4 (C.D. Cal. Feb. 10, 2026).

### III. **CONCLUSION**

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**.  For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner unless and until he is provided proper due process necessary for the revocation of an OSUP; and
2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: March 6, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE